IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02468-BNB

JOE BENAVIDEZ,

Plaintiff,

v.

NURSE JANE DOE, Correctional Health Care Mgt.,
WELD COUNTY, 2100 "O" Street, Greeley, CO 80631, and
NANCY KNOLL, Dir. Correctional Health Care Mgt.,

Defendants.

## ORDER OF DISMISSAL

Plaintiff Joe Benavidez currently resides in Greeley, Colorado. On November 19, 2007, while Mr. Benavidez was in the custody of the Colorado Department of Corrections, he submitted to the Court a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated under 42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1343. On February 8, 2008, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to file an Amended Complaint. In the February 8, 2008, Order Magistrate Judge Boland instructed Mr. Benavidez to amend and state how Defendants violated his Eighth Amendment rights. Plaintiff also was instructed to assert personal participation by each named Defendant. On March 11, 2008, Plaintiff filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Mr. Benavidez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Mr. Benavidez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), a court must dismiss a complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Amended Complaint as legally frivolous.

In the Amended Complaint, Plaintiff alleges that on February 24, 2007, while he was detained at the Weld County Jail, a nurse denied him his psychotropic medication on one occasion. He further asserts that as a result he was without his medication for eighteen hours, and during this time he suffered uncontrollable shaking, psychological stress, depression, and anxiety. Mr. Benavidez seeks money damages.

As Magistrate Judge Boland instructed Plaintiff, in the February 8, 2008, Order, the Eighth Amendment prohibits prison officials from being deliberately indifferent to the

2

serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Nonetheless, Mr. Benavidez's factual allegations will not support a claim of deliberate indifference. Mere negligence does not violate the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Even if Defendants' actions amounted to gross negligence, the constitutional claim still must be dismissed, because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990). Plaintiff fails to assert any basis for finding that the nurse's refusal to provide him with his psychotropic medication was no more than negligence and a misunderstanding as to whether Plaintiff was in line to receive his medication.

Furthermore, *de minimis* infringements of constitutional rights are not actionable under 42 U.S.C. § 1983. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979). Plaintiff does not assert that he has had continued effects from missing one dosage of his psychotropic medications. Although uncontrollable shaking may be uncomfortable and disconcerting, Plaintiff claims support no more than a *de minimis* claim of physical injury. Therefore, Mr. Benavidez's Eighth Amendment claim will be dismissed as legally frivolous.

The Court also finds that Defendants Weld County and Nancy Knoll are improper parties to the action. Plaintiff fails to assert personal participation by Defendant Knoll in keeping with the Magistrate Judge Boland's February 8, 2008, Order. Plaintiff also fails to assert a policy or custom that would implicate Defendant Weld County, as he was instructed to do in the February 8, 2008, Order if he desired to raise claims against Weld County. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02468-BNB

Joe Benevidez
1917 Almond Avenue
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08

                              GREGORY C. LANGHAM, CLERK

                    By: _____
                                   Deputy Clerk